UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY WHITE IV, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:22-cv-01297-SEP |
| v. ) | |
| ) | |
| ACED PROPERTIES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

  Before the Court is Plaintiff Johnny White IV's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. [12]. For the reasons set forth below, the motion is granted to the extent that Plaintiff seeks injunctive relief. To the extent Plaintiff requests attorneys' fees and expenses, the Court will hold the request in abeyance pending a request for a specific amount.

**FACTS AND BACKGROUND**[1]

  This case arises under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. Plaintiff uses a wheelchair for mobility purposes and is substantially limited in his ability to walk or stand. As such, Plaintiff is an individual with disabilities as defined by the ADA. Doc. [1] at 2. Defendant is the "owner, lessor, and /or operator/lessee of the real property and improvements that are the subject of this action, specifically the Deca Property Management and related facilities, including vehicular parking and common exterior paths of travel within the site identified by the St. Louis County Assessor parcel identification number 26J532139." *Id*. at 3. Plaintiff has attempted to patronize the subject property on multiple occasions but was unable to do so due to Defendant's failure to accommodate his disabilities. *Id*. Plaintiff intends to revisit the property "within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in [the] Complaint are removed." *Id*. at 4.

  Plaintiff filed this action on December 5, 2022, bringing one count for breach of the ADA and seeking injunctive relief and attorneys' fees. Defendant was served on February 27,

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the complaint. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (a defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

1

2023, and notice of proof of service was filed with the Court on March 1, 2023.  Doc. [8]. Pursuant to Federal Rule of Civil Procedure 12(a), Defendant was required to file a responsive pleading within twenty-one (21) days.  Despite a response being due by March 20, 2023, Defendant has not filed an Answer or otherwise contested the Complaint.  Clerk's Entry of Default was entered against Defendant on April 11, 2023, Doc. [11], and Plaintiff filed the instant motion on April 18, 2023.  Defendant has not responded to the entry of default or to the motion for default judgment, and the time to do so has passed.

## LEGAL STANDARD

Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court.  *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).  Rule 55 provides that default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."  *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).  Before the Court may enter a default judgment setting forth the declaration a plaintiff seeks, it must be satisfied, based on the sufficiency of the complaint and the substantive merits of the plaintiff's claims, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted).

"The court  may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:  (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).  However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages."  *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

**DISCUSSION**

Plaintiff does not claim monetary damages but instead seeks an order requiring Defendant to bring its real property into compliance with the ADA.  Doc. [1].  Such relief serves the public interest, and there is nothing in the record to suggest that Defendant's default is attributable to a good-faith mistake or excusable neglect.  The Court will therefore grant Plaintiff's motion as it relates to injunctive relief.

Plaintiff also seeks attorneys' fees and costs.  "The ADA gives a court discretionary authority to grant the prevailing party attorneys' fees."  *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997) (citing 42 U.S.C. § 12205).  Plaintiff has not requested a specific amount of fees in his motion and asks that the Court hold in abeyance his request until such time as he submits a specific amount with supporting documentation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [12], is **GRANTED** as to Plaintiff's claim for injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff's motion, to the extent he seeks attorneys' fees, is **HELD IN ABEYANCE** until such time as he submits a request specifying the amount sought, supported by appropriate documentation, including an itemized billing statement. Plaintiff must make such request by no later than **60 days from the date of this Order**.

Dated this 6th day of July, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE